1012

it cites this Court's recent opinion in *Teague* v. *Lane*, 489 U. S. 288 (1989). The State argues further that this Court is precluded from even addressing the merits of Mallett's claims because, under *Teague*, retroactivity is a threshold matter. *Id.*, at 300–301. This response is unpersuasive. Mallett's equal protection argument is "dictated by precedent existing at the time the defendant's conviction became final." *Id.*, at 301 (emphasis omitted). The argument flows necessarily from the language in *Batson* stating that purposeful discrimination is impermissible in jury selection procedures. *Batson* v. *Kentucky*, 476 U. S., at 86–87. More importantly, it is not evident to me that *Teague* applies to our review of state postconviction proceedings in which the state courts have addressed the merits of the petitioner's claims. Certainly, the issue is one that merits review by this Court.

When it transferred this capital murder trial to a county with no inhabitants of Mallett's race, the trial court violated Jerome Mallett's fundamental equal protection rights. The transfer is particularly appalling because the defense counsel emphasized to the trial court that the venue should be one where members of Mallett's race resided, and because the judge could have selected other counties in Missouri that satisfied this valid concern. Accordingly, I dissent.

No. 89–6390. ROMERO *v.* COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. C. A. 5th Cir. Certiorari denied. 

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentence in this case.

No. 88–1400. FRANCHISE TAX BOARD OF CALIFORNIA ET AL. *v.* ALCAN ALUMINIUM LTD. ET AL., 493 U. S. 331;

No. 89–508. UNITED STATES CAN CO. ET AL. *v.* INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS ET AL., 493 U. S. 1019;

No. 89–788. VENUS INDEPENDENT SCHOOL DISTRICT ET AL. v. SHELLY C., BY NEXT FRIENDS, SHELBIE C. ET UX., 493 U. S. 1024;

No. 89–796. IN RE POLYAK, 493 U. S. 1017;

No. 89–5879. THAKKAR v. MARTIN, 493 U. S. 1027;

No. 89–6061. RAWLS v. UNITED STATES, 493 U. S. 1013; and

No. 89–6124. FERENC v. DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL., 493 U. S. 1060. Petitions for rehearing denied.

No. 89–741. PRICE v. VIKING PENGUIN, INC., ET AL., 493 U. S. 1036; and

No. 89–5666. LACKLAND v. J. C. PENNEY CO., 493 U. S. 1036. Petitions for rehearing denied. JUSTICE BLACKMUN took no part in the consideration or decision of these petitions.

MARCH 5, 1990

(See No. 89–5999, *ante*, p. 541.)

No. 88–986. FIELDS v. DURHAM ET AL. C. A. 4th Cir. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Zinermon* v. *Burch*, *ante*, p. 113.

No. 88–6104. HAWKINS v. COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. C. A. 5th Cir. Motion of petitioner for leave to proceed *in forma pauperis* granted. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Selvage* v. *Collins*, *ante*, p. 108, and *Penry* v. *Lynaugh*, 492 U. S. 302 (1989).

No. 88–6347. BRIDGE v. COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. C. A. 5th Cir. Motion of petitioner for leave to proceed *in forma pauperis* granted. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Selvage* v. *Collins*, *ante*, p. 108, and *Penry* v. *Lynaugh*, 492 U. S. 302 (1989).

No. 89–486. HERNANDEZ v. RICE, SECRETARY OF THE AIR FORCE. C. A. 5th Cir. Certiorari granted, judgment vacated,